# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 2, 2014

## STATE OF TENNESSEE v. ASHLEY BRADSHAW

**Appeal from the Criminal Court for Shelby County**
**No. 12-04854      Robert J. Carter, Jr., Judge**

---

**No. W2014-00175-CCA-R3-CD  - Filed February 9, 2015**

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the excellent opinion presented by the majority.  I write separately to express a view concerning the effectuation of mergers of verdicts.

The theory of merger in cases in which multiple verdicts of guilty reflect alternative theories of offending is predicated upon the distinction between a verdict of guilty, on the one hand, and a conviction, on the other.[1]

A verdict on a charge count merely represents a finding by the trier of fact that the defendant is either not guilty or guilty of some offense contained within the count.  In the case of a plea or verdict of guilty of the charged offense or of a lesser offense included within the count, the plea or verdict in a sense remains inchoate until a judgment is entered to impose a "conviction."  This is because, of course, courts "speak" through their orders, and generally no pending cause of action is disposed of until a final order, or judgment, is entered.  *See, e.g.*, Tenn. R. Civ. P. 54; Tenn. R. Crim. P. 32; Tenn. R. App. P. 3.  As everyone knows, Tennessee Supreme Court Rule 17 promulgates a "Judgment" form for the use of trial courts in criminal cases.  The form now contains language imposing and effecting the conviction.  *See* Tenn. Sup. Ct. R. 17 (promulgating a new judgment form effective July

---

[1]"[T]here is no legal bar to *verdicts* being returned for both counts" in this situation, *see State v. Addison*, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997) (emphasis added), whereas multiple *convictions* of alternative counts of the same offense may very well offend principles of double jeopardy.

13, 2013, that declares that, in the case of a guilty verdict or guilty plea, an imposition of a "conviction" is "ORDERED and ADJUDGED").[2]

Thus, the Rule 17 judgment form clearly recognizes our Code's distinction between the guilty verdict or plea and the conviction of the offense. The form memorializes the verdict of guilty or the guilty plea and thereafter effectuates a conviction.

When a case embraces multiple guilty pleas or verdicts that reflect alternative means of committing the same offense – when "the means are not mutually exclusive," *Addison*, 973 S.W.2d at 267, – such that merger is required, the prescribed method of merger is to enter "only one judgment of conviction," *id.*; *State v. Horace Hollis*, No. M2011-01463-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Nashville, May 22, 2012). That judgment imposes "only one sentence." *Addison*, 973 S.W.2d at 267. The judgment imposing this single conviction and sentence must memorialize the guilty pleas or verdicts from the alternative counts and must state that these guilty pleas or verdicts are merged into the conviction effectuated by the judgment. *See id.* (stating that the trial court's role in the face of guilty pleas or verdicts that must be merged into a surviving conviction is to "preserve . . . the same offense counts"). Finally, because no *conviction* is implemented on these merged guilty pleas or verdicts, the trial court should not impose sentences on these counts. In this manner, "[n]o double jeopardy peril exists." *Id.* To emphasize, only one judgment form would be completed, signed by the judge, and entered. *See State v. Jose L. Hidalgo*, No. M2011-01314-CCA-R3-CD, slip op. at 19 (Tenn. Crim. App., Nashville, Mar. 26, 2013) (stating that "a remand is necessary for entry of a single judgment of conviction for aggravated child abuse and aggravated child neglect. The corrected judgment form for

---

[2]This effectuation or adjudication declaration is positioned below the provisions for expressing the plea or verdict. This arrangement complicates the use of the Rule 17 form to effectuate a dismissal of a charge following a verdict of not guilty. The caption of the form is "Judgment," not "Judgment of Conviction." The comments to Rule 17 state that "the judgment document appended to this rule is provided for the use of all trial judges of courts of record *for convictions*" and that "[t]he judgment should be prepared for each *conviction*." Comments, Tenn. Sup. Ct. R. 17. (emphasis added). Also, the declaration of the not-guilty verdict is positioned above the effectuation of a "conviction." Thus, the rule contains no mandate to even use the form in the event of an acquittal. Although the form allows the trial court to both memorialize the finding of guilty and impose the resulting conviction, the form only allows the trial court to memorialize an acquittal; it does not contain operative language to effect a dismissal following an acquittal. Probably a "dismissal" disposition occurs by operation of law following an acquittal – no further legal procedures such as motions or appeals are contemplated or even allowed following a not guilty verdict; however, for the more fastidious among us, the expression of a dismissal following an acquittal could be placed in the "special conditions" space on the judgment form. (Such an expression may be necessary in cases in which a *nolle prosequi* is involved, unless a separate order of dismissal is utilized.) Through whatever method, the verdict of not guilty should be memorialized in some form such as through a separate order which, if utilized, could express the dismissal of the charge.

aggravated child abuse should memorialize the merger of the aggravated child neglect verdict, and the judgment form for aggravated child neglect is vacated."); *Horace Hollis*, No. M2011-01463-CCA-R3-CD, slip op. at 6 (commenting that the use of judgment "forms [that] did not contain any sentencing information . . . were obviously incomplete and ineffectual as judgments").

This methodology does not equate to treating these merged verdicts as "'surplusage' [to be] set aside." *Addison*, 973 S.W.3d at 267. As mentioned above, we are addressing cases in which multiple counts present alternative means of committing the same offense, but "the means are not mutually exclusive." *Id.* This means that the counts that will be merged into a surviving conviction should not be "vacated"; those underlying charges should not be dismissed. *Id.* (criticizing *State v. Hurley*, 876 S.W.2d 57, 70 (Tenn.1993), and stating that "there is no need to 'dismiss,' 'vacate,' or 'strike,' a particular 'conviction' if what is meant by the term 'conviction' is the return of the jury verdict of guilt[y]").

That being said, one may fairly ask, "What becomes of the merged findings of guilty?" In my view, the affected counts are subsumed within the surviving judgment of conviction and are deemed disposed of by the merger; they actually result in a judgment, albeit one judgment that embraces more than one finding of guilty. For this reason, these subsumed counts have been concluded for purposes of procedural finality. *See* Tenn. R. App. P. 3(b) ("In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals . . . ."). Guilty verdicts on these counts may be – indeed, must be – appealed simultaneously with appealing the surviving conviction, as was done in the instant case. *See* Tenn. R. App. P. 4(a) (stating that, in general, "[i]n an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from."). Nevertheless, the merged findings of guilty would never ripen into free-standing convictions unless and until the surviving conviction is overturned or vacated. Should that occur, the merged findings would develop into fully fledged convictions; such could be the only result of "preserving" these pleas or verdicts as mandated by *Addison*.

For the reasons given above, I have not always seen the need to rectify trial court records when separate judgment forms were used as a means of memorializing the subsumed guilty verdicts and did not reflect a conviction offense or a sentence; however, separate judgment forms for the subsumed guilty verdicts that express *convictions* and impose sentences should be addressed by this court. Such is the situation now before the court. The trial court, via entering nine judgment forms, imposed convictions and sentences in all nine counts. It ordered the sentences to be served concurrently. As such, this treatment

-3-

is not a merger. Ideally, the judgment form for the surviving conviction should be amended to reflect that the jury returned guilty verdicts on the other counts as charged and that these verdicts are being merged into the surviving conviction. The notation might reflect the *theoretical* sentences on the merger verdicts. The court should then vacate the other eight judgments.

To conclude, I would stress that the real gremlin in the disposition of alternative verdicts is the mandated use of a single judgment form. Given that circumstance, courts will have to reclaim and apply fundamental concepts of adjudicature to adapt the form as necessary to assure its functionality.

_____
JAMES CURWOOD WITT, JR., JUDGE